UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-22319-CIV-ROSENBAUM/SELTZER

ALEKSANDRA GUBANOVA, *as Personal
Representative of the Estate of Roman Gubanov*,

      Plaintiff,

v.

MIAMI BEACH OWNER, LLC, d/b/a MIAMI
BEACH RESORT & SPA a/k/a MIAMI BEACH
RESORT, *et al.*,

      Defendants.
_____/

## ORDER ON MOTION TO DISMISS

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 84]. The Court has considered Plaintiff's Amended Complaint, Defendants' Motion, and all supporting and opposing filings, and is otherwise fully advised in the premises. For the reasons stated below, the Court grants in part and denies in part Defendants' Motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Aleksandra Gubanova is the widow of Roman Gubanov, a Russian citizen, who was murdered in his Miami Beach hotel room on June 26, 2010. ECF No. 81 at ¶ 2 n.1. Gubanova, who is also a citizen of the Russian Federation, has brought this lawsuit against Defendants pursuant to Florida's Wrongful Death Act, Fla. Stat. §§ 768.16-768.26. *Id.* at ¶ 3. She asserts a variety of negligence claims against Defendants and seeks to recover various damages on behalf of the estate for herself, as the surviving spouse; Polina Gubanova, the surviving minor daughter; Valentina

Alekseevna Konstantinova Gubanova, the decedent's surviving mother; and Anatolii Fedorovich Gubanov, the decedent's surviving father.[1]

Defendants filed the instant Motion to Dismiss on March 14, 2013, setting forth numerous arguments for dismissal. ECF No. 84. In short, Defendants insist that Plaintiff has still failed to demonstrate her capacity to sue, that the Amended Complaint fails to establish personal jurisdiction over the non-resident Defendants, that Defendants have not been properly served pursuant to Rule 4(m), Fed. R. Civ. P., and that Plaintiff fails to state a claim under the various theories of negligence that she has set forth.

## II. LEGAL STANDARDS

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). The Supreme Court has emphasized that "[t]o survive a motion to dismiss a complaint must contain

---

[1] As in her original Complaint, Plaintiff seeks damages including, among others, mental-pain-and-suffering damages for Gubanov's surviving parents. ECF No. 81 at ¶ 115. In response to Defendants' Motion, however, Plaintiff has once again appropriately abandoned those claims. ECF No. 89 at ¶ 3 n.2; *see also* Fla. Stat. § 768.21(4) ("Each parent of an adult child may also recover for mental pain and suffering if there are no other survivors.").

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

When reviewing a motion to dismiss, a court must limit its consideration to the pleadings and exhibits attached to the pleadings and, as a general rule, must accept the plaintiff's allegations as true, evaluating all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000). Upon engaging in this analysis, a court should deny a motion to dismiss where the pleading asserts non-conclusory, factual allegations, that, if true, would push the claim "across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680 (quoting *Twombly*, 550 U.S. at 570) (quotation marks omitted); *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570) (explaining that allegations in a complaint "must . . . contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"). A claim is facially plausible when the plaintiff's factual allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### III. DISCUSSION

#### A. Capacity to Sue

Defendants argue that Plaintiff's Amended Complaint must be dismissed because Plaintiff still fails to establish her capacity to bring suit in this matter. Previously, the Court dismissed Plaintiff's original Complaint without prejudice because Plaintiff had not demonstrated her capacity to sue as her husband's personal representative. ECF No. 80. In brief, Plaintiff relied on the fact that

she was authorized to act on behalf of her deceased husband's estate pursuant to Russian law. But Plaintiff had not shown that Russia had given her authority to act as her husband's personal representative, and moreover, even if it had, it was not clear that comity would permit Plaintiff to proceed in this lawsuit without some recognition from Florida's probate courts. *Id.* at 8, 9. Because Plaintiff had not sought recognition of her authority in a Florida probate court, the Court dismissed the Complaint.

Plaintiff subsequently filed her Amended Complaint [ECF No. 81], in which she added a section alleging her capacity to act as the decedent's personal representative. Plaintiff again based this capacity on Russian law. Following the filing of her Amended Complaint, however, Plaintiff filed a Notice with this Court containing an order from the Florida probate court appointing Plaintiff as her deceased spouse's personal representative. *See* ECF No. 90-2. Despite this filing, Defendants maintain that the Amended Complaint must be dismissed because Plaintiff's capacity is not properly alleged within the four corners of her Amended Complaint.

It is true that on a motion to dismiss, the Court may generally consider only the allegations contained within the four corners of the complaint. *See St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002) (citing *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000)). But the Court is nonetheless permitted to "take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a Rule 56 motion." *Halmos v. Bomardier Aerospace Corp.*, 404 F. App'x 376, 377 (11th Cir. 2010); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take

judicial notice."). Accordingly, although Plaintiff does not allege her capacity to sue as a personal representative under Florida law, the Court takes judicial notice of the probate records filed in this case, which conclusively establish that Plaintiff has obtained the proper authorization from the Florida state court. The Court thus declines to dismiss the Amended Complaint on this basis.

### B. Personal Jurisdiction

Defendants The Blackstone Group, L.P., Wind P2 Mezz 1, LLC, Blackstone Real Estate Acquisitions IV, LLC, and WHM, LLC d/b/a LXR Luxury Resorts & Hotels move to dismiss the Amended Complaint for lack of personal jurisdiction. A motion to dismiss for lack of personal jurisdiction should be denied "if the plaintiff alleges sufficient facts in [her] complaint to support a reasonable inference that defendant can be subjected to jurisdiction within the state." *Bracewell v. Nicholson Air Serv., Inc.*, 680 F.2d 103, 104 (11th Cir. 1982) (citing *Prod. Promotions, Inc. v. Cousteau*, 495 F.2d 483, 491 n.8 (5th Cir. 1974)).

In order to determine whether a district court has personal jurisdiction over non-resident defendants, the court must undertake a two-part analysis. First, the court determines whether the Florida long-arm statute provides a basis for jurisdiction. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996). If so, the court then evaluates whether sufficient minimum contacts exist between the defendants and the forum state so as to satisfy "traditional notions of fair play and substantial justice." *Id.* (quoting *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 256 (11th Cir. 1996)) (internal quotation marks omitted).

Plaintiff seems to invoke Florida's long-arm statute as a basis for jurisdiction pursuant to § 48.193, Fla. Stat. *See.* ECF No. 81 at ¶ 13. Plaintiff does not specify, however, which provision of the statute applies here and does not detail how Defendants are subject to this Court's jurisdiction

under Florida law. Florida's long-arm statute lists several acts that will subject foreign defendants to jurisdiction, but Plaintiff has not alleged which portion of the statute governs this case, and the Court will not extrapolate Plaintiff's argument for her.

The plaintiff has the burden of establishing personal jurisdiction over a non-resident defendant. *See Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006) (citing *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268-69 (11th Cir. 2002)). A prima facie case of personal jurisdiction is established if the plaintiff presents enough evidence to withstand a motion for directed verdict. *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000) (citing *Madara v. Hall*, 916 F.3d 1510, 1514 (11th Cir. 1990)).

Here, Plaintiff states only that "Defendants are subject to the jurisdiction of courts in the state of Florida pursuant to Fla. Stat. § 48.193." ECF No. 81 at ¶ 13. The Amended Complaint contains no other allegations with respect to Florida's long-arm statute. Indeed, Plaintiff's response brief in this matter discusses the jurisdictional issue only in the context of alter ego (discussed below). Thus, Plaintiff has not established Florida long-arm jurisdiction over Defendants.

As an alternative to alleging jurisdiction under Florida's long-arm statute, however, a plaintiff may establish personal jurisdiction under a piercing-the-corporate-veil theory. *See Bellairs v. Mohrman*, 716 So. 2d 320, 322 (Fla. 2d DCA 1998) ("The alter ego theory of long-arm jurisdiction exists as a limited exception to the general, two-step process for establishing long-arm jurisdiction . . . ."). In general, personal jurisdiction over a resident parent corporation does not necessarily translate into personal jurisdiction over a non-resident subsidiary or wholly-owned corporation. *Hobbs v. Don Mealy Chevrolet, Inc.*, 642 So. 2d 1149, 1155 (Fla. 5th DCA 1994). Likewise, the

mere presence of a subsidiary in Florida will not subject a non-resident parent to jurisdiction. *Qualley v. Int'l Air Serv. Co.*, 595 So. 2d 194, 196 (Fla. 3d DCA 1992).

But a court may exercise jurisdiction where the non-resident corporation is merely the alter ego of the resident entity. *Hobbs*, 642 So. 2d at 1155. In order to establish jurisdiction under this theory, the plaintiff must demonstrate both that the resident corporation is a "mere instrumentality" of the foreign defendant and that the foreign defendant engaged in "improper conduct" in the formation or use of the corporation. *Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So. 2d 1114, 1121 (Fla. 1984); *Bellairs*, 716 So. 2d at 323. In this regard, the Florida Supreme Court has held that "the corporate veil will not be penetrated . . . unless it is shown that the corporation was organized or employed to mislead creditors or to work a fraud upon them." *Dania Jai-Alai*, 450 So. 2d at 1120. To hold otherwise "would completely destroy the corporate entity as a method of doing business and it would ignore the historical justification for the corporate enterprise system." *Id.*

Plaintiff asserts that the resident company, Defendant Miami Beach Owner, LLC, is a "mere instrumentality" of the foreign Defendants The Blackstone Group, Blackstone Real Estate Acquisitions, and WHM, LLC .[2] Although Plaintiff makes various allegations to this effect,[3] she

---

[2] The relationship among the Defendant entities is not entirely clear. The Amended Complaint sets forth the following allegations: Miami Beach Owner, LLC, d/b/a Miami Beach Resort and Spa, operates the Miami hotel where Mr. Gubanov was killed. ECF No. 81 at ¶ 15. Wind P2 Mezz 1, LLC, in turn, is the managing member of Miami Beach Owner. *Id.* at ¶ 22. Blackstone Group, LP, d/b/a The Blackstone Group "manages and controls" Blackstone Real Estate Acquisitions IV, LLC, and Blackstone Real Estate Acquisitions "manages" WHM, LLC, d/b/a LXR Luxury Resort & Hotels. *Id.* at ¶ 45.

[3] Plaintiff refers to "alter ego" and "mere instrumentality" numerous times throughout the Amended Complaint. *See e.g.*, ECF No. 81 at ¶¶ 12, 21, 25, 28, 39, 41.

has not sufficiently demonstrated any improper conduct on the part of the non-resident Defendants with respect to their dealings with Miami Beach Owner.

As evidence that Miami Beach Owner is a mere instrumentality of The Blackstone Group and LXR, for example, Plaintiff cites to an application to transact business in Florida filed by The Blackstone Group on behalf of Miami Beach Owner. Specifically, Plaintiff emphasizes that the address listed under Miami Beach Owner is the same address as The Blackstone Group's headquarters. ECF No. 81 at ¶ 21 n.14. A leasehold security agreement and amended leasehold security agreement executed by Miami Beach Owner also allegedly list the company's principal place of business as the same address as the Blackstone Group's headquarters. *Id.* at ¶ 29. Plaintiff further contends that an overlap of directors exists between the various entities. For example, a managing director of the Blackstone Group signed a mortgage and security agreement as the vice president of Miami Beach Owner. *Id.* at ¶ 39. Even if true, however, these facts are not enough to pierce the corporate veil. "[T]he sharing of a business address and overlap of officers" is insufficient to support a finding that a company is merely an alter ego of an affiliated entity. *MeterLogic, Inc. v. Copier Solutions, Inc.*, 126 F. Supp. 2d 1346, 1258 (S.D. Fla. 2000).

And while Plaintiff does state that the leasehold security agreements executed by Miami Beach Owner were "intended to mislead creditors, divert assets otherwise subject to reach by creditors, and/or work a fraud upon them," this is a conclusory allegation for which the Amended Complaint provides no supporting factual allegations. Aside from Plaintiff's contention that the entities share an address and that some of the directors overlap, Plaintiff has alleged no facts establishing that Miami Beach Owner was formed for the purpose of defrauding creditors. The facts as alleged simply do not give rise to a reasonable inference that Miami Beach Owner is the alter ego

of the foreign Defendants. As a result, Defendants' Motion to Dismiss for lack of personal jurisdiction is granted. Plaintiff shall have fourteen days to replead the issue of personal jurisdiction as to the foreign Defendants. Plaintiff is cautioned, however, that should her amended complaint fail to survive a third motion to dismiss, it is unlikely that the Court shall provide an additional opportunity to amend.

### C. Service of Process

Defendants also assert that the Amended Complaint should be dismissed because Plaintiff has not perfected service under Rule 4(m), Fed. R. Civ. P. Rule 4(m) delineates the time limit for service of process and provides that "if a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice." Notwithstanding the Rule's mandatory language, defect in service is a waivable defense. *See Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990) (holding that the district court could not dismiss action for failure to serve process within 120 days where the defendant raised no objection in its pre-answer motion to dismiss); *Kersh v. Derozier*, 851 F.2d 1509, 1511 (5th Cir. 1988) (holding that failure to perfect service within 120 days is waivable). And Defendants have waived it.

Service of process is a jurisdictional requirement—a court lacks personal jurisdiction over a defendant when the defendant has not been served. *Pardazi*, 896 F.2d at 1317. But under Rule 12(h)(1), Fed. R. Civ. P., a party waives a defense for defect in service of process by failing to assert the objection in the party's first motion made under Rule 12 or in the first responsive pleading filed, whichever occurs first. *See Lane v. XYZ Venture Partners, LLC*, 322 F. App'x 675, 678 (11th Cir. 2009). Here, Defendants failed to raise their objections under Rule 4(m) in their original Motion to

Dismiss [ECF No. 11]. Thus, that argument is waived, and Defendants have effectively consented to service of process in this matter. Defendants Motion to Dismiss for insufficient service of process is therefore denied.

### D. Polina Gubanova's Claim for Damages

The Amended Complaint seeks damages for both Aleksandra Gubanova, the decedent's surviving spouse, and Polina Gubanova, the decedent's minor child. Defendants assert that the estate may not seek damages for Polina Gubanova because the Florida Wrongful Death Act does not permit a child to recover if the decedent is survived by a spouse. The Court respectfully disagrees.

Section 768.21(3), Fla. Stat., provides, in relevant part, that "[m]inor children of the decedent, and all children of the decedent if there is no surviving spouse, may also recover for lost parental companionship, instruction, and guidance and for mental pain and suffering from the date of injury." In other words, where a decedent has a surviving spouse, the statute permits a minor child, but not an adult child, to recover damages. *BellSouth Telecomms., Inc. v. Meeks*, 863 So. 2d 287, 288 (Fla. 2003). Here, the Amended Complaint alleges that Polina Gubanova is a minor child of the decedent. Thus, she is permitted to recover damages pursuant to the statute. Defendants Motion to Dismiss the Amended Complaint on this basis is therefore denied.

### E. Shotgun Pleading

Defendants' Motion to Dismiss alleges that Plaintiff's Amended Complaint constitutes a "shotgun pleading" because each count reincorporates by reference all preceding paragraphs of the Amended Complaint. Shotgun pleadings—in which each count incorporates all preceding paragraphs of the complaint, even though many of the facts alleged are irrelevant to the claim purportedly asserted—have been "roundly, repeatedly, and consistently condemn[ed]" by the

Eleventh Circuit. *Davis v. Coca–Cola Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir.2008). The Eleventh Circuit labels a complaint as a shotgun pleading when it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir.1996). A pleading drafted in this manner "is in no sense the 'short and plain statement of the claim' required by Rule 8[(a)(2), Fed. R. Civ. P.]," and "completely disregards Rule 10(b)'s requirement that discrete claims should be plead in separate counts." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir.2001) (per curiam).

Although the various counts in the Amended Complaint reincorporate many of the preceding allegations, the Amended Complaint does not rise to the level of a "condemn[able]" shotgun pleading. *David*, 516 F.3d at 979. The quintessential shotgun pleading "begin [s] with a long list of general allegations, most of which are immaterial to most of the claims for relief," *Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1333 (11th Cir.1998), names multiple defendants, all of whom are charged in each count with no distinction made among the defendants, *Magluta*, 256 F.3d at 1284, and reincorporates allegations of preceding counts such that "each count is replete with factual allegations that could not possibly be material to that specific count, and that any allegations that are material are buried beneath innumerable pages of rambling irrelevancies," *id*.

The Amended Complaint's incorporation by reference of preceding paragraphs does not create an inscrutable tangle of facts and claims that would render the Amended Complaint a shotgun pleading. Most counts do not reincorporate all preceding paragraphs but instead reincorporate the general allegations and some of the allegations from the preceding count or counts  The Counts asserted include claims for negligent security, negligent hiring, negligent misrepresentation, and

negligent supervision—all stemming from the alleged lack of security presence at the hotel on the night the decedent was killed. Because the causes of action are closely related, many of the reincorporated allegations are relevant to the subsequent claims. Moreover, Plaintiff does appropriately distinguish between Defendants as each Count of the Amended Complaint asserts a claim against only one Defendant. While not all of the facts realleged are necessarily pertinent to every claim, it is not "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief," *Anderson*, 77 F.3d at 366, nor must Defendants wade through "rambling irrelevancies" in an attempt to answer the Amended Complaint, *Magluta*, 256 F.3d at 1284. As a result, the Motion to Dismiss the Amended Complaint as an improper shotgun pleading is denied.

### F. Failure to State a Claim (Counts II through VII)

Finally, Defendants move to dismiss Counts II through VII of the Amended Complaint for failure to state a claim. Because those counts are asserted against the non-resident Defendants, the Motion to Dismiss is moot in this regard.

### IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Plaintiff's Amended Complaint is **GRANTED IN PART AND DENIED IN PART**. The Amended Complaint is dismissed for lack of personal jurisdiction as to Defendants The Blackstone Group, Wind P2 Mezz 1, LLC, Blackstone Real Estate Acquisitions IV, LLC, and WHM LLC d/b/a LXR Luxury Resorts & Hotels. Plaintiff shall have until December 16, 2013, to replead jurisdiction over these Defendants should she wish to do so. Plaintiff is cautioned, however, that the Court is unlikely to provide another opportunity to amend if Plaintiff's second amended Complaint does not

pass muster.

        **DONE AND ORDERED** in Fort Lauderdale, Florida, this 2nd day of December 2013.

                                                ROBIN S. ROSENBAUM
                                                UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record