UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-22319-CIV-ROSENBAUM

ALEKSANDRA GUBANOVA, as Personal
Representative of the Estate of Roman
Gubanov,

    Plaintiff,

vs.

MIAMI BEACH OWNER, LLC, d/b/a MIAMI
BEACH RESORT & SPA a/k/a MIAMI
BEACH RESORT, *et al.*,

    Defendants.
_____/

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court upon Defendant Miami Beach Owner, LLC's Motion for Summary Judgment [ECF No. 128]. For the reasons set forth below, the Court grants Defendant's Motion.

### I. Procedural Background

Defendant filed its Motion for Summary Judgment on January 31, 2014. Plaintiff's response was therefore due on or before February 18, 2014. On March 21, 2014, the Court issued an Order to Show Cause directing Plaintiff to show cause in writing by March 28, 2014, why the Motion for Summary Judgment should not be granted. ECF No. 137. The Court warned Plaintiff that a "failure to timely respond may result in the granting of Defendant's Motion." *Id.* at 1. On the date that Plaintiff's response was due, Plaintiff requested a two-week extension of time to comply with the

show-cause Order. ECF No. 138. The Court denied Plaintiff's request without prejudice for failure to comply with the conferral requirement under Local Rule 7.1(a), S.D. Fla. ECF No. 140. Since then, Plaintiff has neither responded to Defendant's Motion or the Order to Show Cause nor renewed her request for additional time to file a response. Therefore, the Court has considered the merits of Defendant's Motion based on the entire case record and concludes that summary judgment must be granted.

## II. Legal Standard

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* (quoting *Anderson*, 477 U.S. at 247-48).

On a motion for summary judgment, the Court views the evidence, including all reasonable inferences drawn from it, in the light most favorable to the non-moving party and resolves all reasonable doubts against the movant. *Rioux v. City of Atlanta, Ga.*, 520 F.3d 1269, 1274 (11th Cir. 2008); *Johnson v. City of Mobile*, 321 F. App'x 826, 830 (11th Cir. 2009). The Court does not weigh conflicting evidence. *Skop v. City of Atlanta*, 485 F.3d 1130, 1140 (11th Cir. 2007), *reh'g and reh'g en banc denied*, 254 F. App'x 803 (11th Cir. 2007). Nor does the Court determine the credibility of witnesses. *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1292 (11th Cir. 2012) (citation omitted). Upon discovering a genuine material dispute, the Court must deny summary

judgment and proceed to trial.  *Id.* at 1292.

The moving party shoulders the initial burden of showing the absence of a genuine issue of material fact.  *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008).  Once the moving party satisfies this burden, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'"  *Ray v. Equifax Info. Servs., LLC.*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).  Instead, "the non-moving party 'must make a sufficient showing on each essential element of the case for which he has the burden of proof.'"  *Id.*  (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).  Accordingly, the non-moving party must produce evidence, going beyond the pleadings, and by his own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts suggesting that a reasonable jury could find in his favor.  *Shiver*, 549 F.3d at 1343.

Local Rule 56.1, S.D. Fla., further factors into this Court's consideration of a motion for summary judgment.  Under Local Rule 56.1, a party moving or opposing summary judgment must submit a "statement of the material facts as to which it is contended that there does not exist a genuine issue to be tried or there does exist a genuine issue to be tried, respectively."  S.D. Fla. L.R. 56.1(a).  The rules require these statements be supported by "specific references" to evidence on the record.  S.D. Fla. L.R. 56.1(a)(2).  The Local Rules expressly caution, "All material facts set forth in the movant's statement filed and supported as required above will be *deemed admitted* unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record."  S.D. Fla. L.R. 56.1(b) (emphasis added).  But even where an opposing party neglects to submit any alleged material facts in controversy, the court

must still satisfy itself that the evidence on the record supports the uncontroverted material facts that the movant has proposed. *Reese v. Herbert*, 527 F.3d 1253, 1268-69, 1272 (11th Cir. 2008); *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1103 n.6 (11th Cir. 2004).

### III. Material Facts[1]

Plaintiff Aleksandra Gubanova is the widow of Roman Gubanov, a Russian citizen, who was murdered on June 26, 2010, at the Miami Beach Resort, a hotel owned and operated by Defendant Miami Beach Owner, LLC. ECF No. 81 at ¶ 2 n.1. Although varying versions of the events leading to Gubanov's death appear to exist, the record in this case clearly indicates that Gubanov was killed by a man from whom Gubanov was attempting to purchase drugs. The night before the incident, Gubanov and his travel companion, Andrey Orlov, met two women at a nightclub in Miami Beach and invited them back to their hotel. ECF No. 128-1 at 36. When the women arrived at the resort, they saw Gubanov and Orlov enter the lobby with a third individual, later identified as Turaine Burgess. *Id.* at 40:10; 53:18. Orlov assured the women that Burgess was a friend and invited him to the hotel room, where Gubanov then attempted to negotiate the purchase of cocaine. *Id.* at 41:22, 48:6. No sale took place at that time, and Burgess left a short while later. *Id.* at 50.

The following evening, Burgess and another man, Duran A. Reed,[2] arrived at Gubanov's

---

[1] Although Defendant has submitted a Statement of Material Facts as required under Local Rule 56.1, S.D. Fla., Defendant provided no evidentiary support for several of its factual assertions. While Defendant's version of the facts is uncontroverted as a result of Plaintiff's failure to respond to the Motion for Summary Judgment, the Court must still satisfy itself that adequate evidence from the record supports Defendant's assertions. As a result, the Court limits its Statement of Material Facts to those that find support in the record in this matter.

[2] The parties do not dispute the identities of the men criminally responsible for Gubanov's death. Burgess and Reed were both charged with first-degree murder, armed robbery,

hotel room. ECF No. 130-1 at 47:5. Gubanov asked the men if they had brought the narcotics. *Id.* at 48:2. Burgess and Reed told Gubanov that the price for the cocaine was $300 and that they would return in about ten minutes. *Id.* at 48:4; 50:16. Although the timing is somewhat unclear, shortly thereafter, Burgess and Reed returned and forced their way into the hotel room armed with a can of pepper spray and a gun, intending to rob Gubanov and Orlov. *Id.* at 51-60. A scuffle ensued, at which point one of the men shot Gubanov. *Id.* at 59:16. Burgess and Reed then fled the premises, and Gubanov eventually died on the scene.

Following this unfortunate incident, Plaintiff instituted the present action against Defendant Miami Beach Owner,³ alleging that the hotel was negligent in failing to provide proper security at the time of Gubanov's death. Plaintiff contends, among other claims, that the hotel did not have enough security guards on the premises, that the hotel failed to properly train its security guards, and that the hotel failed to take additional security measures, in spite of its knowledge that it was located in a high-crime area. ECF No. 81 at ¶ 110. Defendant now moves for summary judgment on the grounds that it cannot be held liable for Gubanov's death under Florida law because Gubanov was engaged in a felony while on Defendant's property.

## IV. Discussion

Section 768.075(4), Fla. Stat., provides,

---

and aggravated assault with a deadly weapon in connection with the incident. *See State v. Burgess*, Case No. 13-2010-CF-019219-A000-XX (Miami-Dade County); *State v. Reed*, Case No. 13-2010-CF-019219-B000-XX (Miami-Dade County).

³ Plaintiff initially brought claims against several foreign entities as well. But on December 2, 2013, the Court dismissed the foreign Defendants for lack of personal jurisdiction. ECF No. 116. Although the Court granted Plaintiff leave to amend her Complaint, Plaintiff chose not to do so. As a result, Defendant Miami Beach Owner is the only remaining Defendant in this action.

> A person or organization owning or controlling an interest in real property, or an agent of such person or organization, shall not be held liable for negligence that results in the death of, injury to, or damage to a person who is attempting to commit a felony or who is engaged in the commission of a felony on the property.

The plain language of the statute "bars recovery for *any* person who commits a felony on the property, not just a person whose injury arises out of the commission of a felony." *Kuria v. BMLRW, LLLP*, 101 So. 3d 425, 427 (Fla. 1st DCA 2012) (emphasis in original).

Here, the uncontroverted evidence before the Court indicates that Gubanov was attempting to purchase cocaine from his hotel room at the time of the incident. Cocaine is listed as a Schedule II controlled substance under § 893.03(2)(a)(4), Fla. Stat. A person who purchases a Schedule II controlled substance commits a felony of the second degree, Fla. Stat. § 893.12(2)(a)(1), and a person in possession of a controlled substance commits a felony of the third degree, Fla. Stat. § 893.12(6)(a).

As Florida law prohibits recovery for negligence against a property owner where the decedent or injured party was attempting to commit a felony on the premises, Plaintiff's claim for negligent security against the hotel is statutorily barred. Defendant has sufficiently demonstrated that no triable issue of fact exists, and Plaintiff has failed to rebut this showing, despite having been given ample opportunity to do so. Accordingly, summary judgment is appropriate.

### V. Conclusion

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendant Miami Beach Owner, LLC's Motion for Summary Judgment [ECF No. 128] is **GRANTED**. Pursuant to Rule

58(a), Fed. R. Civ. P., a separate final judgment will be entered in this case.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 4th day of April 2014.

                                            ROBIN S. ROSENBAUM
                                            UNITED STATES DISTRICT JUDGE

copies to:
Counsel of record