UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 12-22319-CIV-ROSENBAUM**

ALEKSANDRA GUBANOVA, as Personal
Representative of the Estate of Roman
Gubanov,

    Plaintiff,

v.

MIAMI BEACH OWNER, LLC, d/b/a MIAMI
BEACH RESORT & SPA a/k/a MIAMI BEACH
RESORT, *et al.*,

    Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S ORDER (ECF NO. 141) GRANTING DEFENDANT MIAMI BEACH OWNER, LLC'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Plaintiff's Emergency[1] Motion for Reconsideration of Court's Order (ECF No. 141) Granting Defendant's Motion for Summary Judgment [ECF No. 143]. The Court has reviewed Plaintiff's Motion and all other relevant materials in the case file. For the reasons that follow, the Court denies Plaintiff's Motion for Reconsideration.

**I. Background**

Defendant Miami Beach Owner, LLC, filed a Motion for Summary Judgment on January 31, 2014, requesting that summary judgment be entered against Plaintiff on the grounds that the

---

[1] Under Local Rule 7.1(e), S.D. Fla., a motion seeking emergency relief must "set forth in detail the necessity for such expedited procedure and be accompanied by the form available on the Court's website." Here, although Plaintiff captions her filing as an "Emergency Motion," she does not explain why she seeks expedited relief and did not submit a Certification of Emergency as required. The Court therefore cautions Plaintiff that, in the future, she must comply with the rules governing emergency motions when seeking such relief.

decedent, Roman Gubanov, was committing a felony on Defendant's property at the time that he was killed, and therefore, Florida law barred Plaintiff's wrongful-death action. ECF No. 128. Plaintiff's response to the Motion was due by February 18, 2014, but Plaintiff neither filed a response nor requested additional time to respond. On March 21, 2014—over one month after Plaintiff's response was due—the Court issued an Order to Show Cause, directing Plaintiff to show cause in writing by March 28, 2014, why the Motion for Summary Judgment should not be granted. ECF No. 137. The Court warned Plaintiff that a "failure to timely respond may result in the granting of Defendant's Motion." *Id.* at 1. On the date that Plaintiff's response was due, Plaintiff requested a two-week extension of time to comply with the show-cause Order. ECF No. 138. The Court denied Plaintiff's request without prejudice for failure to comply with the conferral requirement under Local Rule 7.1(a), S.D. Fla. ECF No. 140. Plaintiff neither renewed her motion nor responded to the Order to Show Cause. As a result, the Court considered Defendant's Motion for Summary Judgment based on the entire case record and determined that summary judgment was appropriate. The Court granted Defendant's Motion and entered Final Judgment in favor of Defendant on April 4, 2014.[2] Plaintiff now moves for reconsideration of the Court's Order granting summary judgment.

## II. Legal Standard

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.,* 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002) (citing *Mannings v. Sch. Bd. of Hillsborough County*, 149 F.R.D. 235, 235 (M.D. Fla. 1993)). "The

---

[2] Contrary to Plaintiff's assertion, the Court did not enter summary judgment against Plaintiff as a sanction for Plaintiff's non-compliance. In fact, the Court expressly noted that even though Defendant's Motion was uncontroverted, "the court must still satisfy itself that the evidence on the record supports the uncontroverted material facts that the movant has proposed." ECF No. 141 at 3-4. The Court granted Defendant's Motion strictly on the basis of the record before it, concluding that summary judgment was warranted as a matter of law. Thus, Plaintiff's contention that the Court simply granted the Motion by default is incorrect.

'purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* at 1369 (S.D. Fla. 2002) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)). "A 'motion for reconsideration should not be used as a vehicle to . . . reiterate arguments previously made.'" *Id.*

The party moving for reconsideration "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* (citing *Sussman v. Salem Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla 1994)). Only three major grounds generally justify reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Id.* (citing *Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc.*, 62 F. Supp. 2d 1316, 1331 (M.D. Fla. 1999); *Sussman*, 153 F.R.D. at 694).

### III. Discussion

Here, Plaintiff fails to meet the exceedingly high standard necessary to prevail on a reconsideration motion. Although Plaintiff sets forth the standard for reconsideration, she states only that "the first two grounds substantiate reconsideration of this Court's Order." ECF No. 143 at 3. Plaintiff offers no explanation for this assertion, neither identifying any purported error nor setting forth any new evidence to rebut the Court's entry of summary judgment. Instead, it appears that Plaintiff seeks yet another extension of time to litigate Defendant's Motion. Although Plaintiff's counsel asserts that she has been experiencing serious medical issues that have prevented her from complying with this Court's directives and the Court is truly sorry for any medical problems that Plaintiff's counsel has experienced, Plaintiff's counsel has given this Court no basis to conclude that an intervening change in the law has occurred or that new evidence is available that affects the analysis, even if Plaintiff's counsel were provided with additional time to respond. And she certainly

has not done so with "strongly convincing" facts or law. *Burger King*, 181 F. Supp. 2d at 1369. Accordingly, reconsideration must be denied.

### IV. Conclusion

For the above reasons, Plaintiff's Motion for Reconsideration of Court's Order (ECF No. 141) Granting Defendant's Motion for Summary Judgment [ECF No. 143] is **DENIED.**

**DONE** and **ORDERED** at Fort Lauderdale, Florida, this 14th day of April 2014.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of record